UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| | | |
|---|---|---|
| **JUAN MANUEL SAHAGUN PELAYO** | **:** | **CIVIL ACTION NO.  2:14-cv-1048** |
| **FED. REG. #33397-280** | | **SECTION P** |
| **VERSUS** | **:** | **JUDGE MINALDI** |
| **C. MAIORANA** | **:** | **MAGISTRATE JUDGE KAY** |

### REPORT AND RECOMMENDATION

Before the court is an application for a writ of *habeas corpus* filed pursuant to 28 U.S.C. § 2241 by *pro se* petitioner Juan Manuel Sahagun Pelayo (hereafter "Pelayo"). Pelayo is an inmate in the custody of the Federal Bureau of Prisons (hereafter "BOP") and is currently incarcerated at the Federal Correctional Institute in Oakdale, Louisiana (hereafter "FCIO"). Pelayo names C. Maiorana as defendant herein.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. § 636 and the standing orders of the court. For the following reasons it is recommended that the petition be **DISMISSED WITH PREJUDICE**.

*I.*
*Background*

On April 15, 2009, Pelayo was charged in a two-count superseding indictment with conspiracy to possess with intent to distribute 50 grams or more of methamphetamine, and 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 846 and 841(a)(1) & (b)(1)(A)(viii).  Doc. 12, p. 1.  On December 18, 2009, Pelayo pled guilty to count one of the indictment.  Doc. 10, p. 1. On May 20, 2010, he was

-2-

sentenced in the United States District Court for the Western District of Texas (El Paso Division) to 235 months imprisonment and five years of supervised release. Doc. 1, p. 1; Doc. 10, p. 1.

Pelayo states that on May 28, 2010, he filed a direct appeal of his conviction and sentence, which appeal was denied by the Fifth Circuit as frivolous on June 21, 2011. Doc. 10, p.1. On October 17, 2012, he filed a motion under 28 U.S.C. § 2255 to vacate, set aside, or correct the sentence which was also dismissed as frivolous. *Id.* A subsequent appeal of the latter denial was also dismissed. Doc. 10, p. 2.

Pelayo filed the current *habeas corpus* petition pursuant to 28 U.S.C. § 2241 on May 27, 2014. Doc. 1. He asserts that he is being illegally held against his will in violation of the Due Process Clause of the Constitution. Doc. 1, p. 5. Specifically, he claims that he is a citizen of Mexico and was working with the United States Government at the time of his arrest. *Id*. He further claims that he was promised little to no jail time because of his assistance and was supposed to be exonerated from an earlier drug charge. *Id.* Additionally he contends that his guilty pleas are void because the court lacked jurisdiction to sentence him on the conspiracy charge as the indictment was not returned by a twelve person grand jury. Doc. 10, pp. 2, 3.

Pelayo asks this court to vacate his conviction and release him from custody. Doc. 10, p. 4.

## II.
### *Law and Analysis*

*Habeas corpus* petitions filed pursuant to 28 U.S.C. § 2241 are generally used to challenge the manner in which a sentence is executed. See *Warren v. Miles*, 230 F.3d 688, 694 (5th Cir. 2000). A Motion to Vacate Sentence filed pursuant to 28 U.S.C. § 2255 allows federal inmates to collaterally attack the legality of their convictions or sentences. *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Here, Pelayo collaterally attacks his

-3-

incarceration arguing errors with regard to his federal conviction and challenges the sentence imposed, not the execution of his sentence. Therefore, his claim should be advanced in a § 2255 Motion to Vacate, not a *habeas* petition under § 2241.

Federal prisoners may use § 2241 to challenge the legality of their convictions or sentences but only if they satisfy the § 2255 "savings clause." *Reyes-Requena v. United States*, 243 F.3d 893, 901 (5th Cir. 2001). The "savings clause" provides that a federal convict may apply for a writ of *habeas corpus* pursuant to § 2241 if the remedy under his or her § 2255 motion is "inadequate or ineffective to test the legality of his detention." *See* 28 USC § 2255. A prisoner seeking such relief under the "savings clause" must establish that: (1) his claim is based on a retroactively applicable Supreme Court decision which establishes that he may have been convicted of a nonexistent offense, and (2) his claim was foreclosed by circuit law at the time the claim should have been raised in his trial, appeal, or first § 2255 motion. *Reyes-Requena*, 243 F.3d at 904.

Such petitioners bear the burden of demonstrating that the § 2255 remedy is inadequate or ineffective. *Jeffers v. Chandler*, 253 F.3d 827, 830 (5th Cir. 2001); *Pack v. Yusuff*, 218 F.3d 448, 452 (5th Cir. 2000). The fact that a prior § 2255 motion was unsuccessful, or that the petitioner is unable to meet the statute's second or successive requirement, does not make § 2255 inadequate or ineffective. *Jeffers,* 253 F.3d at 830; *Toliver v. Dobre*, 211 F.3d 876, 878 (5th Cir. 2000).

Our review of this case reveals that Pelayo's allegations are insufficient to invoke the savings clause. He has pointed to no retroactively applicable Supreme Court decision which establishes that he was convicted of a nonexistent offense; nor has he shown that his present claims were foreclosed by circuit law at the time when they should have been raised either at his trial, appeal, or in his previous motions to vacate. He has failed to show that his remedies under

28 USC § 2255 are ineffective and inadequate under the Savings Clause. Therefore, the instant petition for writ of *habeas corpus* must be dismissed for lack of jurisdiction. *Christopher v. Miles*, 342 F.3d 378 (5th Cir. 2003).

### III.
### *Conclusion*

Because Pelayo has not met the savings clause requirements, his claims are not properly brought under 28 USC § 2241, and this court lacks jurisdiction to consider his claims under § 2255.  In sum, he has failed to show that his remedies under § 2255 remedies are ineffective and inadequate under the Savings Clause of that provision.

Accordingly,

**IT IS RECOMMENDED** that the petition for *habeas corpus* filed pursuant to 28 U.S.C. § 2241 be **DISMISSED WITH PREJUDICE** because the court lacks jurisdiction to consider these claims.

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court.  A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the District Judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir.  1996).

THUS DONE this 11th day of March, 2015.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE